IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 51-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ADAM KIRK DILLINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#24) filed in the above entitled cause on October 23, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, John Pritchard, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The

1

Government introduced, without objection, the Violation Report into evidence.

Defendant was charged in a bill of indictment filed on August 6, 2013 with conspiracy to defraud the United States by falsely making and forging counterfeit obligations of the United States and by passing, uttering and publishing counterfeited obligations of the United States, in violation of 18 U.S.C. § 371. Defendant was further charged with falsely making and forging counterfeit obligations in violation of 18 U.S.C. § 471 and with passing, uttering and publishing counterfeit obligations in violation of 18 U.S.C. § 472. A hearing was held in regard to the detention of Defendant on August 14, 2013. On that date, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond (#7). The undersigned further set terms of release which included the following:

(1)  The defendant must not violate any federal, state or local law while on release.

(8)(i) Defendant is to have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.

(8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Defendant admitted to his state probation officer that he made an illegal

purchase of Percocet on September 27, 2013, a schedule II controlled substance. Defendant tested positive for use of opiates on October 8, 2013 and Defendant gave a written admission that he would test positive for opiates on October 22, 2013. On September 27, 2013, October 8, 2013, and October 22, 2013, Defendant was in unlawful possession of opiate derivative pharmaceuticals. Defendant illegally purchased Percocet, a schedule II controlled substance, on September 27, 2013.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>   (1)     finds that there is----
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2)     finds that ---
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

3

Based upon the evidence, there is probable cause to believe that Defendant committed a federal and state crime while on release. Defendant repeatedly purchased and possessed Percocet, which is a schedule II controlled substance. That possession violated both federal and state law. The possession of Percocet is at least a misdemeanor under federal law. 21 U.S.C. § 844. The possession of Percocet is a felony under state law. N.C.G.S. § 90-95(a)(3).

Due to the fact there is probable cause to believe that Defendant has committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated other conditions of release. Defendant clearly violated the terms and conditions of pretrial release that ordered he refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The Defendant clearly violated the terms and conditions of pretrial release that required that he not have contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.

Due to the findings made above, and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. §

3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: October 30, 2013

Dennis L. Howell
United States Magistrate Judge