# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00051-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADAM DILLINGHAM, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 103], which the Court construes as a motion for an award of sentencing credit.

The Defendant requests that the Court amend his judgment and award him credit for time spent at the Swain Recovery Center from October 9, 2017 to November 20, 2017. [Doc. 103]. The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim

for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement.  In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons.  Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 103, which the Court construes as a motion for an award of sentencing credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: January 26, 2018

Martin Reidinger
United States District Judge

---

[1] The Court notes, however, that the Defendant was at the Swain Recovery Center while he was on pretrial release.  As such, it does not appear that he would be entitled to any sentencing credit for the time he spent there.